■ CHARLOTTE WEINSTEIN, as Administratrix of the Estate of HERMAN WEINSTEIN, Deceased, Respondent, v HARTFORD CHEMICAL CORP. et al., Appellants, et al., Defendant.—In an action, *inter alia,* to declare plaintiff to be the owner of one third of the shares of stock in the defendant corporation, the appeal is from a judgment of the Supreme Court, Queens County, dated May 11, 1976, which, after a nonjury trial, declared plaintiff to be the owner of such stock. Judgment reversed, on the law and the facts, with costs; it is declared that plaintiff did not prove her ownership of any shares of stock in the defendant corporation, and the complaint is otherwise dismissed. The trial court's decision is not supported by the record. Plaintiff has not only failed to sustain her burden of proof with regard to any of the several different theories upon which she has predicated her claim to ownership of stock in the defendant corporation, but her varying positions are not supported by even a scintilla of evidence. We find that the testimony of Harold Rauch before a Federal court during a Securities Exchange Commission proceeding was internally contradictory and confused and that it bears little relation to the realities here as they may be gleaned from the documentary evidence produced. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ In the Matter of MARTIN J. AMSEL, Respondent, v NEW YORK STATE BOARD OF SOCIAL WELFARE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review appellants' determination, dated September 30, 1976, which denied petitioner's application to operate a nursing home facility, the appeal is from a judgment of the Supreme Court, Kings County, dated October 15, 1976, which, *inter alia,* directed appellants to issue an operating certificate to petitioner, effective October 15, 1976. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the appellants for a hearing as to petitioner's fitness to operate a nursing home. The appellants determined that petitioner would be unfit to operate the nursing home previously owned by his mother, who was the subject of revocation proceedings instituted by them. Their determination was based on the suspicion that petitioner's mother would continue to operate the nursing home after the revocation of her license. Such conjecture was not a sufficient reason for the denial of petitioner's application. There was sufficient basis, however, to require a hearing to determine whether in fact petitioner intended to personally control and operate the nursing home. Upon the argument of this appeal, the parties consented to the above disposition. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.